**TITLE INSURANCE COMPANY OF MINNESOTA, a Minnesota corporation, Plaintiff,**

v.

**AMERICAN SAVINGS & LOAN ASSOCIATION, a California corporation, individually and as successor-in-interest to State Savings & Loan Association, a California corporation, Defendant.**

Civ. A. No. 86–K–468.

United States District Court.
D. Colorado.

March 13, 1987.

Edward B. Towey, Deborah A. Sperlak, Loser, Davies, Magoon & Fitzgerald, Denver, Colo., for plaintiff.

Roger P. Thomasch, and Madeline Austin, Roath & Brega, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this action for declaratory judgment, Title seeks an order declaring it is under no duty to defend or indemnify American, its insured, in American's capacity as a third-party defendant in a Colorado state court action. Title also asks me to declare the reason the claims raised against American in the state court action are not insured is because they fall within paragraph 4 of the exclusions listed in American's insurance policy.

Jurisdiction lies under 28 U.S.C. § 1332. The case is before me now on cross-motions for summary judgment. A motion to intervene has also been filed by one of the defendants in the state court action. For the reasons explicated below, all three motions are denied.

The exclusion paragraph at issue states as follows:

The following matters are expressly excluded from the coverage of this policy:
4. Unenforceability of the lien of the insured mortgage because of failure of the insured at Date of Policy or of any subsequent owner of the indebtedness to comply with applicable "doing business" laws of the state in which the land is situated.

Title has filed a motion for summary judgment in which it argues this paragraph must be invoked, as a matter of law, because American and its predecessor in interest failed to comply with Colo.Rev.Stat. § 11–43–101. Plaintiff characterizes this statute as a "doing business" law within the meaning of the exclusion, and accordingly concludes no coverage is warranted.

American has cross-moved for summary judgment, contending the statute is violative of the commerce clause and therefore unconstitutional. Because the statute is unenforceable, American claims, it is not a

"doing business" law and the exclusion does not apply.

In response, Title argues the constitutionality of § 11–43–101 is the precise issue being litigated in the state court case. Title claims "[t]he validity of the statute in question is not involved in a determination of the applicability of the policy exclusion." Title's Memorandum Brief in Response to Defendant's Motion for Summary Judgment, at 5. American's reply contends, to the contrary, the issue I must decide is whether § 11–43–101 is a "doing business" law within the meaning of the exclusion. If the statute is unconstitutional, it cannot be such a law. Therefore American would have me decide the constitutionality issue.

Colo.Rev.Stat. § 11–43–101 states, in full:

Any foreign savings and loan association which conducts a savings and loan business as defined in section 11–40–103 shall not sell its shares or accounts or make new loans in this state. Violation of this section shall subject the offender and its officers, agents, and representatives, upon conviction thereof, to a fine of not more than five hundred dollars, or to imprisonment in the county jail for not more than six months, or to both such fine and imprisonment, and each separate business transaction in violation of this section shall constitute a separate offense; but nothing in this section shall be construed to prohibit a foreign association from transacting business in respect to executory contracts in force on May 17, 1939.

I agree § 11–43–101 is not a "doing business" law. Simply and plainly, it is a criminal statute, because the law criminalizes certain activity. Moreover, the statute does not render transactions void. On the contrary, the words "make new loans" suggests the transactions are indeed valid.

A "doing business" statute is regulatory rather than prohibitive. It generally requires a permit or some form of registration and is based on state regulation of a privilege, not a right. Thus entirely different criteria are used to determine the measure of police power a state may properly exercise with respect to a doing business statute as opposed to a criminal statute.

Since § 11–43–101 is not a doing business statute, the exclusion does not apply. Title is obligated to defend American in the state court action. Title's summary judgment motion is accordingly denied.

My determination of the nature of § 11–43–101 renders unnecessary any consideration of the constitutionality of the statute. Even assuming the constitutionality of the law, an issue I do not decide,[1] the policy exclusion does not apply. American's motion for summary judgment therefore must also be denied.

Finally, the motion to intervene is denied because the intervenor agreed to withdraw the motion should I decide not to reach the issue of constitutionality.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's motion for summary judgment is denied;

3. The motion for intervention is denied;

4. Judgment shall enter against plaintiff, declaring it is under a duty to defend. Each party shall bear its own costs.

---

1. As Title has noted, that issue is being litigated in the state suit. However, the issue there addresses the legality of the original loans defendant's predecessor made to the borrowers, and not the extent of Title's insurance obligation. My holding today therefore has no impact on the state court's consideration of the constitutionality of § 11–43–101. Title can argue against the constitutionality of the statute, in the state court, on American's behalf.